UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

---

| | |
|---|---|
| **JOSEPH E. JONES, JR., and HEIDI JONES,** ) | |
| ) | |
| **Plaintiffs,** ) | |
| v. ) | **Case No. 05-CV-2027** |
| ) | |
| **GRACO INC., a Foreign Corporation,** ) | |
| ) | |
| **Defendant.** ) | |

## <u>ORDER</u>

This case is before this court for ruling on Defendant Graco Inc.'s Motions in Limine (#11). Following this court's careful review of the arguments of the parties and the documents filed by the parties, this court agrees with Plaintiffs, Joseph E. Jones, Jr. and Heidi Jones, that Defendant's Motions in Limine "appear to be a back-door effort to file a case dispositive motion in this case." Accordingly, because the deadline for filing case dispositive motions has long passed, Defendant's Motions in Limine (#11) are DENIED.

## BACKGROUND

On February 1, 2005, Defendant filed a Notice of Removal (#1) and this case was removed to this court from the circuit court of Coles County. In their Complaint filed in the circuit court of Coles County, Plaintiffs alleged that Plaintiff Joseph E. Jones, Jr., was employed as a painter for Safety Storage, Inc. On December 2, 2002, and December 3, 2002, he was using spray painting equipment manufactured by Defendant and sustained repeated electrical shocks to his hands and body, resulting in serious and permanent injury. Plaintiffs, Joseph E. Jones, Jr., and his wife, Heidi Jones, sought damages from Defendant based upon the injuries they alleged were caused by Defendant's product. On March 23, 2005, Defendant filed its Answer (#5) to the Complaint, which

included Affirmative Defenses.

A Rule 16 conference was held in this case on March 30, 2005. Subsequently, a Discovery Order (#7) was entered. This Order set a discovery deadline of April 1, 2006, and a deadline for filing dispositive motions of June 1, 2006. The case was set for a jury trial on November 6, 2006. A final pretrial conference is scheduled in this case on October 26, 2006, at 1:30 p.m.

## ANALYSIS

On October 5, 2006, Defendant filed its Motions in Limine (#11) and Brief in Support (#12) with attached exhibits. Defendant sought an Order from this court barring Plaintiffs from presenting any evidence that: (1) a product it manufactured was defective, unreasonably dangerous, or in any way the proximate cause of injuries claimed by Plaintiffs; (2) a product manufactured by Defendant was defective or unreasonably dangerous at the time it left Defendant's control; and (3) the seizures allegedly experienced by Mr. Jones were caused by static shocks he experienced on December 2 and 3, 2002. In its Brief, Defendant argued that it is entitled to the relief sought because no product has ever been produced for inspection or examination and because Plaintiffs have not identified an expert or produced an expert opinion that the alleged Graco product is defective or unreasonably dangerous. Defendant also argued that Plaintiffs did not have adequate expert evidence that the static shocks experienced by Mr. Jones caused him to suffer a seizure disorder. Defendant contended that this court should dismiss Plaintiffs claims on the merits with prejudice because Plaintiffs lack the evidence to meet their burden of proof on a prima facie case of products liability.

On October 18, 2006, Plaintiffs filed their Response to Defendant's Motions in Limine (#13) and attached exhibits. Plaintiffs stated that they made and served their initial disclosures pursuant

to Rule 26(a) of the Federal Rules of Evidence on May 11, 2005. Plaintiffs stated that Defendant did not make or serve Rule 26(a) initial disclosures. Plaintiffs further stated that they made and served their disclosure of expert testimony pursuant to Rule 26(a)(2)(A) and (B) on January 13, 2006. Plaintiffs stated that Defendant did not make or serve any disclosure of expert testimony. Plaintiffs stated that Defendant did not serve any written discovery on Plaintiffs, did not subpoena any documents, and did not take any depositions in this case. Plaintiffs attached the affidavit of their attorney, Henry A. Schmitt. Plaintiffs also attached the written report of David M. Peeples, M.D., who was disclosed as an expert witness by Plaintiffs. In his affidavit, Schmitt stated that Dr. Peeples' report was attached to and made part of Plaintiffs' initial disclosures. Schmitt further stated that Defendant did not take the deposition of Dr. Peeples or Dr. Robert E. Cranston, who was also disclosed as an expert witness.

In their Response, Plaintiffs stated that their attorney "anticipates offering admissible evidence to support each of the issues made by the pleadings in this case." Plaintiffs argued that "Defendant's Motions in Limine appear to be a back-door effort to file a case dispositive motion in this case." Plaintiffs asked that Defendant's Motions in Limine be denied.

The Seventh Circuit has stated that "the motion in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded management of the trial proceedings. It performs a gatekeeping function and permits the trial judge to eliminate from further consideration evidentiary submissions that clearly ought not to be presented to the jury because they clearly would be inadmissible for any purpose." Jonasson v. Lutheran Child & Family Servs., 115 F.3d 436, 440 (7th Cir. 1997). In this case, Defendant has made various arguments, without factual support, that certain witnesses should not be allowed to testify. However, in reality, Defendant is seeking an

order barring Plaintiffs from presenting any evidence in support of their claims and an order dismissing their case with prejudice. This court therefore concludes that Defendant has not filed a proper motion in limine and agrees with Plaintiffs that Defendant has instead essentially filed a case dispositive motion. However, as previously noted, the deadline for filing case dispositive motions was June 1, 2006, and has long since passed. This court further concludes that Defendant has not shown that it is entitled to any of the relief sought.

IT IS THEREFORE ORDERED THAT:

(1) Defendant Graco Inc.'s Motions in Limine (#11) are DENIED.

(2) This case remains scheduled for a final pretrial conference on October 26, 2006, at 1:30 p.m. and for a jury trial on November 6, 2006, at 9:00 a.m.

ENTERED this 19th day of October, 2006

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE